### COLLINS BOONE V. THE STATE.

No. 18942.   Delivered May 12, 1937.

The opinion states the case.

*C. F. Sentell,* of Snyder, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of burglary, and his punishment was assessed at confinement in the state penitentiary for a term of two years.

The only question presented for our consideration is the sufficiency of the evidence to warrant and sustain his convic-

tion. For a better understanding of the conclusion at which we have arrived in this case we deem it proper to set forth the salient facts upon which the State relied for a conviction.

On the night of September 3, 1936, some person forcibly entered a barn or granary situated in Fisher County, Texas, belonging to F. A. Creekmore and took therefrom some wheat. The kind and quantity of wheat taken is not disclosed by the record, nor was it ever found and identified. An investigation of the burglarized premises disclosed some human tracks leading to and from the granary to where a car had been parked. These tracks were not identified as or compared with any tracks made by the appellant. The automobile tracks showed that the tires on the rear and front wheels were Goodyear Diamond Tread tires; that the tread of the front tires was worn down more than that on the rear tires. The tracks of the car were followed to highway number fifteen where it entered upon said highway and thereafter failed to make or register any tracks. These tracks as well as some tracks found at the scales of the Stamford Mill & Elevator Company were similar to the tracks made by the appellant's car, but the testimony also shows that many cars with similar tires, making similar tracks, were being operated in that section of the State.

Mr. M. M. Harvey testified that he was an employee of the Stamford Mill & Elevator Company; that on the morning of September 4 at about seven A. M. a person driving a black pick-up truck appeared at the Stamford Mill & Elevator Company and sold some wheat, which he, the witness, unloaded for the party. He further testified that the height, age, and general appearance of said party corresponded with the height, age, and general appearance of the appellant, but he was unwilling to swear that appellant was the same person; that the only peculiar thing about the man was a leather belt which he wore; that this belt seemed to have holes cut through the outer layer of the leather to show the inside part, but the witness did not know whether the belt shown him was the same belt the party was wearing as someone else could have had a similar belt; that the party whose wheat he unloaded at the elevator was wearing a medium size white hat, but that thousands of men in that section of the State wear that kind of a hat; that the hat shown him did not look like the same hat as the one worn by the party who sold the wheat.

On the afternoon of September 4 officers examined appellant's truck with a view of determining whether or not any wheat had been hauled in it recently, but a search thereof

failed to reveal any evidence thereof. Appellant denied having committed the offense and testified to an alibi in which he was supported by a number of other witnesses.

It is apparent from the foregoing statement of the testimony that the State's case depends entirely upon circumstances. In order to warrant a conviction of crime, on circumstantial evidence, each fact necessary to the conclusion sought to be established must be proved by competent evidence, beyond a reasonable doubt; all the facts must be consistent with each other, and with the main fact sought to be proved; and the circumstances, taken together, must be of a conclusive nature leading on the whole to a satisfactory conclusion, and producing in effect a reasonable and moral certainty that the accused and no other person committed the offense charged. Applying the foregoing rule of evidence to the circumstances in the instant case, do they exclude every other reasonable hypothesis except the guilt of appellant? We think not. Here we have only tracks of an automobile near the burglarized barn and at the scales of the elevator company which are similar to those made by appellant's truck, but this is of very little cogency in view of the testimony that there are many trucks in that section of the State which make similar tracks. Appellant is not identified as the man who sold the wheat to the Stamford Mill & Elevator Company. The witness who undertook to identify him by his leather belt and general appearance would not swear that appellant was the man who sold the wheat. The wheat that was sold to the elevator company was not identified either by kind or quantity as that taken from the Creekmore barn. Appellant's truck was blue in color and had a steel or tin plate over the crank opening on the front of the truck, while the truck in which the wheat was brought to the elevator company was black in color and had a wooden peg in the crank opening. This court has due regard for the verdict of a jury and will not disturb the same unless the testimony is such that it fails to meet the requirements of the law under the rule herein announced. When this appears from the record, we will not hesitate to perform the solemn duty imposed upon us.

Being of the opinion that the evidence is insufficient to meet the requirements of the law, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has

been examined by the Judges of the Court of Criminal Appeals and approved by the Court.